[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-2435

LEONARD B. HARMON,

Plaintiff, Appellant,

v.

BENNIE K. BULLOCK, ET AL.,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

---

Before

Torruella, Circuit Judge,
Campbell and Stahl, Senior Circuit Judges.

---

Leonard B. Harmon on brief pro se.

---

October 9, 2001

---

**Per Curiam**. Plaintiff Leonard Harmon was arrested and charged with criminal trespass after refusing to leave the house of a woman (Bennie Bullock--the mother of his daughter) who had temporarily provided him with a room. When those charges were dropped, plaintiff responded with the instant 42 U.S.C. § 1983 action, filed pro se and <u>in forma pauperis</u>, alleging violation of his constitutional rights. Named as defendants were Bullock and the Dorchester district court (the venue for the aborted criminal proceedings). The district court reviewed the complaint prior to service of process, in accordance with 28 U.S.C. § 1915(e)(2), and discerned no arguable legal basis for plaintiff's claims. After spelling out the deficiencies in the complaint, the court gave plaintiff 35 days to show cause why it should not be dismissed. Plaintiff filed no response (or any other pleading) within that time--he admits on appeal that he "refused" to respond because of his disagreement with the court's analysis--and the case was accordingly dismissed with prejudice. Only later, in conjunction with a timely motion to amend judgment, and without any explanation for his tardiness, did plaintiff

finally submit a response to the show-cause order. That motion was summarily denied, and plaintiff now appeals.

We affirm. By itself, plaintiff's unexplained failure to respond in timely fashion to the show-cause order would provide a sufficient basis for upholding the dismissal. Nor did the district court err in concluding that the complaint was "frivolous or malicious" or "fail[ed] to state a claim" within the meaning of § 1915(e)(2)(B). Plaintiff asserts that the criminal-trespass charges were unfounded, in that he fell within a statutory exception involving "tenants or occupants of residential premises." Mass. Gen. Laws ch. 266, § 120 (¶ 2). Even if so, the Dorchester district court, which is a state entity, is immune from § 1983 liability for the reasons enumerated by the district court; the cases involving municipal agencies on which plaintiff relies are inapposite. In turn, plaintiff has provided no factual support for his suggestion that Bullock, by conspiring with the arresting officers, was herself acting "under color" of law for § 1983 purposes. The district court afforded plaintiff ample opportunity to amend his complaint in order to correct these various shortcomings. As mentioned, plaintiff chose not to respond. Nor has he set forth any supplemental allegations, either in

his untimely response to the show-cause order or in his brief on appeal, that would enable him to surmount the § 1915(e)(2) hurdle.

Plaintiff also contends that the district court's rulings called its impartiality into question and so warranted its recusal--an allegation we reject on its face as frivolous.

<u>Affirmed.</u>